UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAZANDY DANIELS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6452** |
| **CITY OF NEW ORLEANS,** **SUPERINTENDENT MICHAEL HARRISON,** **COMMANDER CHRISTOPHER GOODLY,** **SERGEANT JOSEPH DAVIS, DETECTIVE** **CHAD COCKERHAM** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 9)** filed by the defendants seeking dismissal of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. The motion and the entire matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2)**, and **§ 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.  Factual Background

The plaintiff, Lazandy Daniels ("Daniels"), is a convicted federal inmate incarcerated in the St. Bernard Parish Jail in Chalmette, Louisiana.[1] Daniels filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the defendants, the City of New Orleans, New Orleans Police Superintendent Michael Harrison, Commander Christopher Goodly, Sergeant Joseph Davis, and Detective Chad Cockerham seeking monetary relief for defamation of character, wrongful death

---

[1] Rec. Doc. No. 1.

of two dogs, pain, suffering, mental anguish, and wrongful conviction. Broadly construed, Daniels alleges that on May 4, 2015, unidentified New Orleans police officers planned to confiscate a video recorder in the 2200 block of North Derbigny Street in New Orleans to investigate possible illegal drug activity. He claims that the officers relied on false assertions of a drug transaction to obtain a warrant for his arrest for drug distribution. He further asserts that, at the time of his arrest, the K-9 unit failed to locate any drugs in his residence or truck. He also contends that the police reports contained false statements and that the police failed to recover any evidence related to the incidents that led to the death of Officer Daryle Holloway. He contends that the officers' "misdeeds" led to the loss of the video footage and the June 29, 2015 euthanizing of two adult pitbulls who were taken from the residence where the incident occurred.

Daniels sued the City of New Orleans as the employer of the defendants. He sued Superintendent Harrison for his failure to train and/or supervise his officers on the handling of classified information related to an ongoing investigation and for leaking false information to the press. He sued Commander Goodly for failure to train and/or supervise officers regarding their official duties. He also sued Detective Cockerham and Officer Davis for falsifying his arrest on May 4, 2015, and lying to the federal grand jury and the jury at his trial on June 13, 2017, which led to his current federal conviction.

## II.     Standards of Review

### A.     Review for Frivolousness

A suit for redress brought by a prisoner is subject to preliminary statutory screening under 28 U.S.C. § 1915A, even though he has paid the full filing fee. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Pursuant to § 1915A, the Court is required to *sua sponte* dismiss a case filed by a prisoner upon a determination that it is frivolous, malicious, fails to state a claim for

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Instead, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). In addition, a complaint fails to state a claim upon which relief can be granted when, after assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.     **Review of Motions Pursuant to Fed. R. Civ. P. 12(b)(6)**

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Supreme Court, however, has declared that "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 678 (internal citation omitted). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)." (uppercase and parenthetical in original) *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted).

Thus, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *Harold H. Huggins Realty, Inc.*, 634 F.3d at 796. Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id*. at 556. In determining whether a complaint states a claim that is plausible on its face, the court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Further, the United States Fifth Circuit Court of Appeals has held that, when reviewing *pro se* complaints, the Court must employ less stringent standards, look beyond the plaintiff's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In the prisoner context, in *Taylor v. Gibson*, 529 F.2d 709 (5th Cir. 1976), the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Id*., 529 F.2d at 713; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**III.     Review for Frivolousness**

    **A.     The *Heck* Doctrine**

Daniels alleges that he was wrongfully convicted because the arresting officers engaged in unconstitutional acts and were not properly trained by their supervisory officers. As will be discussed, his claims directly challenge the validity of his current conviction and are not cognizable at this time. The Supreme Court has made clear that a prisoner cannot bring a suit for monetary damages under § 1983 that challenges the validity of his conviction until such time as "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995), *cert. denied*, 516 U.S. 851 (1995). In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a prisoner's present confinement. This limitation on a § 1983 plaintiff avoids collateral attacks on convictions that are outstanding or final and valid. *Id.*, 512 U.S. at 484-85.

        **1.     Wrongful Conviction and Perjury Claims Against Detective Cockerham and Sergeant Davis**

Daniels alleges that the actions of the defendants, Detective Cockerham and Sergeant Davis, as employees of the City of New Orleans and supervised by Commander Goodly and Superintendent Harrison, led to his wrongful conviction in federal court on June 13, 2017. He bases his claim on bold assertions that Cockerham and Davis falsified warrants and police reports, falsified and lost evidence, and perjured their grand jury and trial testimony. These claims, however, must be dismissed as frivolous.

Daniels indicates that he was convicted of the charges forming the basis of this lawsuit and those tried in federal court on June 14, 2017. He has not alleged or established that the convictions of which he complains have been reversed or questioned in any of the ways addressed in *Heck*. It is clear as well that a judgment in Daniels's favor on his claims of wrongful conviction, perjury, and falsified reports and evidence would necessarily imply the invalidity of his current convictions. Therefore, the *Heck* doctrine bars those claims until such time as that conviction is invalidated. *See Myers v. Swindle*, 454 F. App'x 322, 323 (5th Cir. 2011); *see also*, *Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003) (claims of manufactured evidence and perjured testimony do not accrue until state court dismisses underlying criminal action).

For these reasons, Daniels' claims of wrongful prosecution, falsified evidence, and perjury against Sergeant Davis and Detective Cockerham are barred by the *Heck* doctrine, and therefore are legally frivolous and otherwise fail to state a claim for which relief can be granted. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir.1996); *see also Anderson v. Galveston County Dist. Clerk*, 91 F. App'x 925 (5th Cir. 2004); *Kingery v. Hale*, 73 F. App'x 755 (5th Cir. 2003). His claims must be dismissed with prejudice until such time as the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### 2. **Supervisory Liability Claims Against Superintendent Harrison and Commander Goodly**

Daniels alleges that Superintendent Harrison and Commander Goodly are liable as supervisors over Sergeant Davis and Detective Cockerham for their failure to supervise and train the officers as related to investigation, arrest and "official duties." His claims against these supervisory officials are also barred by *Heck* and therefore frivolous.

Supervisory officials, like Harrison and Goodly, cannot be held liable pursuant to § 1983 under any theory of respondeat superior simply because an employee or subordinate allegedly

6

violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205 (5th Cir. 1979). Instead, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

In this case, Daniels does not allege that either Harrison or Goodly were directly involved in his arrest or the investigation, only that they were the supervisory authorities over the other officers. A supervisor cannot be held liable under a theory of respondeat superior under § 1983. *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996); *accord Field v. Corr. Corp. of Am. Inc.*, 364 F. App'x 927, 929 (5th Cir. 2010); *Cox v. Irby*, 281 F. App'x 390, 391 (5th Cir. 2008); *Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006). Thus, Harrison and Goodly cannot be held vicariously liable simply because the other officers allegedly responsible for plaintiff's arrest and damages, if any, were in their employ or under their supervision. *Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992); *Baskin*, 602 F.2d at 1208; *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983).

Instead, a supervisory official may be held liable under § 1983 for his subordinates' actions only if the official implemented an unconstitutional policy that causally resulted in plaintiff's injury. *Monell*, 436 U.S. *v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-95 (1978); *Thompson v. Johnson*, 348 F. App'x 919, 921 (5th Cir. 2009) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)); *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). Without alleging a particular custom, usage or policy for which

either Harrison or Goodly can be held constitutionally liable, Daniels fails to state a claim for relief under § 1983.

In addition, a supervisory official may be liable for the acts of a subordinate if the plaintiff can established that the supervisor either failed to supervise or train the subordinate, that a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and the failure to train or supervise amounted to deliberate indifference. *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998). "Deliberate indifference in this context ordinarily requires a pattern of similar constitutional violations by untrained employees . . ." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 199 (5th Cir. 2015) (quotation omitted) (citing *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003)). In the instant case, Daniels has suggested that Harrison and Goodly failed to properly train and supervise Davis and Cockerham in matters of investigation, arrest procedures, and other non-specific official duties which led to the unconstitutional acts by Davis and Cockerham.

Assuming Daniels's claim is sufficient to at least present a supervisory claim for failure to train, the claim in this instance is barred by the *Heck* doctrine. For a claim of supervisory liability of this type to prevail, it is necessary that there be an underlying constitutional violation resulting from the supervisory official's failure to supervise or train. As discussed above, Daniels' claims of wrongful prosecution, falsified evidence, and perjury by Davis and Cockerham are not ripe before the Court under *Heck* because resolution of those claims would necessarily call into question the veracity of this conviction. It is well settled that, where the underlying claims against the subordinate officers are barred by *Heck*, the related claims against the supervisory officials also must be barred. *Payton v. Normand*, 599 F. App'x 190, 192 (5th Cir. 2015); *Walter v. Horseshoe Entertainment*, 483 F. App'x 884, 887 n.4 (5th Cir. 2012) ("The law is clear that *Heck*

operates to protect employers sued for failure to train or supervise as well as liability for the wrongful acts of their agents.") (citing *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008)); S*ee also Williams v. Town of Delhi*, No. 14-043, 2015 WL 868746, at *7 (W.D. La. Feb. 17, 2015) (Because supervisory claims require an underlying constitutional violation, when the underlying violation claim is barred by *Heck*, it cannot form the basis of a derivative supervisory claim.). Therefore, Daniels's supervisory/failure to train claims against Superintendent Harrison and Commander Goodly are barred by the *Heck* doctrine, and therefore are frivolous and otherwise fail to state a claim for which relief can be granted.

Furthermore, for the following reasons, Daniel's remaining claims against several of the named defendants are frivolous on other grounds and cannot proceed even if he were able to meet the *Heck* conditions at some point in the future. Therefore, because the following claims are not and will never be actionable, they should simply be unconditionally dismissed with prejudice in the interests of judicial economy. *Accord Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

### B.  Claims of False Arrest Against Detective Cockerham and Sergeant Davis

Daniels alleges that the defendants, Detective Cockerham and Sergeant Davis, made false assertions to obtain a warrant for his arrest on May 4, 2015. He ultimately was convicted and filed the instant complaint, under the applicable mailbox rule, on June 27, 2017. For the reasons that follow, his claims of false arrest have prescribed.

Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)). In Louisiana, personal

9

injury claims are governed by La. Civ. Code art. 3492, which provides for a one-year prescriptive period from the date the injury or damage accrued. *See Jacobsen*, 133 F.3d at 319 (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)). However, it is federal law not state law that determines when a § 1983 claim accrues. *Wallace*, 549 U.S. at 388; *Jacobsen*, 133 F.3d at 319.

Under federal law, a false arrest claim accrues when the plaintiff becomes detained as a result of the arrest pursuant to legal process. *See Wallace*, 549 U.S. at 389-91; *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); *see also Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012). The records of the Orleans Parish Criminal District Court reflect that, following his arrest on May 4, 2015, Daniels appeared before a state court magistrate on May 5, 2015, at which time probable cause was found and his bond was set.[2]

Thus, Daniels's false arrest claims accrued on May 5, 2015, when he appeared before the state court magistrate for the probable cause determination. He had one year from that date, or until May 4, 2016, to bring those claims pursuant to 42 U.S.C. § 1983. The Clerk of this Court filed Daniels's complaint on July 3, 2017, when it was received with the filing fee. In the prisoner context, however, the date prison officials receive the complaint from the prisoner for mailing to the court is the time of filing for limitations purposes. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Daniels dated his signature

---

[2]See, Docket Master from Orleans Parish Criminal Magistrate Case No. 550844 (separately filed into the Court's record). The docket sheet information is a matter of public record of which this Court can take judicial notice. *See* Fed. R. Evid. 201; *Taylor*, 529 F.2d at 717 (a complaint may dismissed as frivolous when the allegations of the complaint conflict with facts of which the district court may take judicial notice); *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) ("... the fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice."); *In re Moity*, 320 F. App'x 244, 249 (5th Cir. 2009) ("One court may also take judicial notice of another court's judicial actions."); *see also Chauhan v. Formosa Plastics Corp., USA*, 212 F.3d 595, 2000 WL 423367, at *1 (5th Cir. Apr. 4, 2000) (Table, Text in Westlaw) ("A court may take judicial notice at any time, including *sua sponte*."); *Morris v. Fulbruge*, No. 07-5429, 2008 WL 4059069, at *2 n.17 (E.D. La. May 27, 2008) (Order adopting Report and Recommendation).

on the complaint on June 27, 2017, which is the earliest date appearing in the record on which he could have given the pleadings to prison officials for mailing to this Court.

Therefore, Daniels's complaint is deemed filed under the prisoner mailbox rule on June 27, 2017. This filing, however, was made one-year and almost two months after the limitations period expired on May 4, 2016. His claims of false arrest are prescribed. Prescribed claims are properly dismissed as frivolous. *See*, *e.g.*, *Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998). Daniels's claims of false arrest against the defendants Davis and Cockerham should be dismissed with prejudice as frivolous under § 1915A.

### C. Claims Against the City of New Orleans

Daniels names the City of New Orleans as a defendant in this action solely because it was the employer of the other named defendants. However, he has not identified a legal basis for the City to be held liable under § 1983, and the claims against this defendant should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted under § 1915A.

A local governing body like the City of New Orleans is a "person" for purposes of suit under § 1983. *Monell*, 436 U.S. at 689. However, a local governing body may not be held vicariously liable under § 1983 for the actions of its employees. Instead, the City can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Id.* at 694. Similarly, actions of officers or employees of a municipality like the City of New Orleans do not render the City liable under § 1983 unless the officers or employees act in execution of an official governmental policy. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984), *on reh'g*, 739 F.2d 993 (5th Cir. 1984); *see also Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997).

To assert this level of liability, the plaintiff must identify the particular policy or custom which allegedly caused the deprivation of his constitutional rights. *See, e.g., Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. La.*, 74 F. App'x 315, 316 (5th Cir. 2003). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos Cty., Tex.*, 981 F.2d 237, 245 (5th Cir. 1993). A plaintiff also must allege more than merely that an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds, Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986). Thus, "'[m]unicipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom.'" *Zarnow v. City of Whichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (same).

A policymaker in this context is "one who takes the place of the governing body in a designated area of city administration." *Webster*, 735 F.2d at 841. He or she must "decide the goals for a particular city function and devise the means of achieving those goals." *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984). In this case, Daniels has not identified or named as a defendant any particular policymaker with the authority to make policies on behalf of the City of New Orleans.

More importantly, Daniels has not identified any specific policy promulgated by the City of New Orleans that led to the alleged violation of his constitutional rights by any of the other named defendants. He also has not presented or referenced any such policy or provided any

12

indication that the City of New Orleans is responsible for any policies involved in his arrest or prosecution. This includes his failure to establish any particular pattern or practice condoned by the City of New Orleans or its officials which would amount to an unconstitutional policy related to his arrest. *Webster*, 735 F.2d at 841. Simply naming a municipal defendant is not sufficient to be the foundation of a plausible claim under *Monell*.

For the foregoing reasons, Daniels's claims against the City of New Orleans are frivolous and otherwise fail to state a claim for which relief can be granted. The claims must be dismissed pursuant to § 1915A.

### D. Defamation Claim Against Superintendent Harrison

Broadly construed, Daniels claims that Superintendent Harrison gave out false information in a statement to the press following his arrest which he contends amounted to defamation. This claim also is frivolous.

To state a claim under § 1983, a plaintiff must establish both that a constitutional violation occurred and that the action was taken by a "person" acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk Cty. v. Dodson*, 454 U.S. 312 (1981). However, slander related claims, like those asserted by Daniels, are not cognizable under § 1983, because defamation does not involve the deprivation of any right, privilege or immunity secured by the Constitution or laws of the United States. *See Mowbray v. Cameron Cty.*, 274 F.3d 269, 277 (5th Cir. 2001) (allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, do not state a claim under § 1983); *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980); *Castillo v. Bowles*, 687 F. Supp. 277, 282 (N.D. Tex. 1988) (dismissing inmate's defamation claim against jail guards because, even if his allegations were true, plaintiff only alleged harm to his reputation, a claim not protected by the Constitution). Thus, Daniels's

13

defamation claim against Harrison fails to state a constitutional violation for purposes of liability under § 1983. The claim against Superintendent Harrison is frivolous and otherwise fails to state a claim for which relief can be granted under § 1983 and should be dismissed pursuant to § 1915A.

### E. Claim of "Wrongful Death" of Dogs

Daniels includes in his § 1983 complaint allegations that two pitbulls were taken from the North Derbigny Street address and euthanized by the Louisiana Society for the Prevention of Cruelty to Animals ("LASPCA") sometime after his arrest. While it is unclear whether Daniels intended this information simply as a measure of damages resulting from his arrest, but as a separate § 1983 claim against the named defendants, it is frivolous.

Daniels has not alleged that any of the named defendants were involved in the seizing or destruction of the dogs or that his constitutional rights were violated by the actions of the LASPCA staff, none of whom are named in this suit. Without some allegation and demonstration of a personal action by a named defendant causing the deprivation of a particular constitutional right, Daniels has failed to state a claim for redress under § 1983. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

In the absence of any such factual allegations relative to the named defendants, there is no basis for the imposition of liability against them. Daniels claim is frivolous and otherwise fails to state a claim for which relief can be granted. The claim should be dismissed under § 1915A.

### F. State Law Claims

To the extent any or all of Daniels claims of false arrest, wrongful conviction, failure to train, defamation, or wrongful death of the dogs can be construed to arise under state law, his claims still must be dismissed. The general rule in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise

eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). The Court recommends that Daniels's federal claims under § 1983 be dismissed for the reasons already presented. Therefore, his claims based in state law should be dismissed without prejudice as the Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367.

### IV.     Defendants' Motion to Dismiss (Rec. Doc. No. 9)

The defendants, the City of New Orleans, Harrison, Goodly, Davis and Cockerham, filed a Motion to Dismiss (Rec. Doc. No. 9), arguing that all of the claims against them should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. The Court has conducted its statutorily required review and finds that Daniels's claims against the defendants are legally frivolous and otherwise fail to state a claim for which relief can be granted under § 1983. For this reason, the Court recommends that the defendants' Motion to Dismiss be dismissed as moot.

### V.     Recommendation

It is therefore **RECOMMENDED** that Daniels's § 1983 claims of wrongful conviction, falsified evidence, and perjured testimony against the defendants, Detective Cockerham and Sergeant Davis, and the § 1983 supervisory liability and failure to train claims against the defendants, Superintendent Harrison and Commander Goodly, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915A until such time as the *Heck* conditions are met.

It is further **RECOMMENDED** that Daniels's § 1983 claims of false arrest and wrongful death of the dogs against the defendants, Detective Cockerham and Sergeant Davis, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under § 1915A.

It is further **RECOMMENDED** that Daniels's § 1983 supervisory claims against the defendant, the City of New Orleans, as the employer of the other defendants and against the defendants, Superintendent Harrison and Commander Goodly, for the wrongful death of the dogs, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under § 1915A.

It is further **RECOMMENDED** that Daniels's § 1983 claims against the defendant, Superintendent Harrison, for defamation be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under § 1915A.

It is further **RECOMMENDED** that Daniels's state law claims be **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

        New Orleans, Louisiana, this 1st day of December, 2017.

                                                */s/ Karen Wells Roby*
                                                **KAREN WELLS ROBY**
                             **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.